UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAIME JIMENEZ,

                          Plaintiff,

        -against-

Police Officer STEPHEN LALCHAN, Shield No. 21926; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jaime Jiminez ("plaintiff" or "Mr. Jimenez") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Stephen Lalchan, Shield No. 21926 ("Lalchan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lalchan is sued in his individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

*The December 2, 2011 Arrest*

11. At approximately 11:00 a.m. on December 2, 2011, plaintiff was lawfully present in a vehicle travelling in the vicinity of 168th Street and Jamaica Avenue in Queens, NY.

12. One of the defendants jay walked in front of the car, forcing it to stop short.

13. The officer unlawfully stopped the vehicle and several of the defendants searched it and its occupants, including plaintiff, finding no contraband.

14. Plaintiff was handcuffed and taken to the 103rd Precinct.

15. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff in possession of marijuana.

16. At no point did the officers observe plaintiff possess marijuana.

17. Plaintiff was taken to Central Booking.

18. At approximately midnight, plaintiff was arraigned in Queens County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

19. After approximately thirteen hours in custody, plaintiff was released.

20. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

*The September 26, 2012 Arrest*

21. At approximately 1:00 p.m. on September 26, 2012, plaintiff was lawfully driving his mother's car in the vicinity of 104th Avenue and Frances Lewis Boulevard in Queens, NY.

22. Several of the defendants, driving a van, aggressively pulled plaintiff over, without reasonable suspicion.

23. The officers ran toward plaintiff's car, banged on his window and told him to get out.

24. Plaintiff was handcuffed while the officers conducted an unlawful search of the vehicle, including the trunk, finding nothing illegal.

25. When the officers told plaintiff they had found prescription medication in the car, plaintiff truthfully explained that it was his mother's car, she is disabled and any medication in the car was lawfully prescribed to her – facts subject to immediate verification.

26. Even though they lacked probable cause to do so, the defendants then falsely arrested plaintiff and took him to a police precinct.

27. At the precinct the officers falsely informed employees of the Queens County District Attorney's Office that they had observed plaintiff in possession of a controlled substance.

28. At no point did the officers observe plaintiff possess a controlled substance.

29. Plaintiff was taken to Central Booking and held overnight.

30. The next day, plaintiff was arraigned in Queens County Criminal Court, where he was released on his own recognizance.

31. On or about October 25, 2012, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search (2 Counts)

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest (2 Counts)

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial (2 Counts)

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The individual defendants created false evidence against plaintiff.

41. The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

42. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene (2 Counts)

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

46. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   June 24, 2013
         New York, New York

                        HARVIS WRIGHT
                        SALEEM & FETT LLP

                        _____
                        Gabriel Harvis
                        305 Broadway, 14th Floor
                        New York, New York 10007
                        (212) 323-6880
                        gharvis@hwsflegal.com

                        *Attorney for plaintiff*